## WALTER M. LOWNEY CO. v. CHANDLER & RUDD CO.

(Court of Appeals of District of Columbia. Submitted March 9, 1926. Decided April 5, 1926.)

No. 1831.

1. Trade-marks and trade-names and unfair competition ⬥43.

Trade-mark "Gold Stripe" *held* deceptively similar to mark "Gold Ribbon," as affecting right to registration for use on goods of same desciptive properties.

2. Trade-marks and trade-names and unfair competition ⬥20.

Word "Gold" is not in itself subject to adoption as a trade-mark for candy and similar goods.

3. Trade-marks and trade-names and unfair competition ⬥43.

When marks have common word, there must be distinction between dissimilar words sufficient to prevent confusion, before bar of confusion is avoided.

Appeal from the Commissioner of Patents.

Proceeding by the Walter M. Lowney Company for registration of trade-mark, opposed by the Chandler & Rudd Company. From a decision of the Commissioner of Patents, sustaining the opposition, applicant appeals. Affirmed.

Henry Calver, of Washington, D. C., and G. O. G. Coale, of Boston, Mass., for appellant.

H. F. Freeman, of Cleveland, Ohio, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case is here for review on appeal from the decision of the Commissioner of Patents in a trade-mark opposition proceeding.

[1] Appellant, Walter M. Lowney Company, applied for the registration of the words "Gold Stripe" as a trade-mark on assorted chocolates. The opposer, the Chandler & Rudd Company, is the owner of the registered trade-mark "Gold Ribbon," used on candy. Priority of adoption and use has been conclusively established by the opposer. The goods are of the same class. The only question for review is whether or not the marks are so similar as to be likely to create confusion in trade.

[2] The word "Gold" has been so widely used in connection with goods similar to those here under consideration that neither party can claim a right to the exclusive use of the word. It is urged by appellant that the marks should be considered only in the light of the dissimilar words, and that there is no such similarity between the two marks "Stripe" and "Ribbon" as to result in confusion. While the word "Ribbon" is usually used in connection with a tangible strip of fabric, and the word "Stripe" indicates merely a line, yet the manner in which they of necessity must be used in marking the goods here in question accords to the words a very similar meaning. Especially is this true, since both "Gold Ribbon" and "Gold Stripe" are symbolized by a gold colored line on the packages containing the goods. In this respect the dissimilar words in the two marks have a similar use and application.

[3] While the word "Gold" is not in itself subject to adoption as a trade-mark by either party, it may be used in connection with other words. In this instance the color of the line or stripe, which is the same in both marks, is gold. In discriminating between marks of this character, before the bar of confusion can be avoided, where a descriptive word common to both marks is used, there must be such a wide distinction between the dissimilar words as to prevent any possibility of confusion in the use of the marks. It is clear that this rule cannot be applied to the present case.

The decision of the Commissioner of Patents is affirmed.